TRUSTEES OF THE BERGEN COUNTY ODD FELLOWS
ASSOCIATION, PROSECUTOR, v. CITY OF HACKEN-
SACK AND STATE BOARD OF TAX APPEALS, RE-
SPONDENTS.

Argued January 19, 1937—Decided March 16, 1937.

Before Justices PARKER, LLOYD and DONGES.

For the prosecutor, *Harry H. Weinberger.*

For the respondents, *Donald M. Waesche.*

The opinion of the court was delivered by

PARKER, J.   The city officials assessed for taxation of 1934
and 1935 a building known as Odd Fellows Temple, and per-
sonal property therein.   The building is owned by the prose-
cutor and occupied by a local lodge of the Order of Odd Fel-
lows, incorporated in 1855 under existing legislation relating
to beneficial associations.   The prosecutor claimed exemption
and appealed to the county board of taxation and then to the
state board, both of which bodies affirmed the assessment:
whereupon this writ was allowed.

The statute applicable is chapter 372 of the laws of 1931
(page 904) and the question of exemption is to be resolved
by a construction of this act, as applied to the objects and
purposes of the lodge occupying and using the building.   It
is urged that the owning corporation is organized and con-
ducted, and its building and land are used, for charitable
and benevolent purposes.   This is the language of the brief.
We consider that unless those objects are exclusively chari-

table, and not merely benevolent, or even if they are partly charitable and partly benevolent, there is no exemption under the act of 1931.

A hurried glance at some of the earlier statutes will be an aid to construction. In 1890, for example, corporations organized for benevolent and charitable purposes were authorized to hold real property to a limited amount, but were expressly denied exemption from taxes thereon (*Pamph. L.* 1890, *p.* 46), though in 1894 (*Pamph. L., p.* 71), and perhaps earlier, their invested funds were exempted.

Passing to 1903, when there was a general revision (*Comp. Stat., pp.* 5075 *et seq.; Pamph. L., p.* 394) we find exemption of educational institutions not conducted for profit; "also all buildings used exclusively for purposes considered charitable under the common law," &c. It will be noted that the word "benevolent" is absent. It seems to have been first inserted in 1913 (*Pamph. L., p.* 570) where the phraseology conferring exemptions is much broader, containing the words "associations and corporations organized exclusively for * * * religious, charitable, *benevolent* or hospital purposes, or for one or more such purposes, not conducted for profit." The word "benevolent" appears further in a clause relating to endowments, and twice in the last sentence of this very long section, making the exemption applicable to cases where the building and the charitable, benevolent or religious work are supported partly by fees from beneficiaries. This act of 1913 was considered in *Washington Camp* v. *Board,* 87 *N. J. L.* 53, where the effect of the word "benevolent" was recognized, but exemption denied on the ground, that the purpose of the organization was not exclusively benevolent or charitable.

That the legislature considered the exemption of "benevolent" organizations too liberal, and undertook to end it, is indicated by omission of that word in the corresponding section of the Tax act of 1918, page 847, at page 849. The language here is "associations and corporations organized exclusively for * * * religious, charitable or hospital purposes." In the first proviso, on page 850, the word

"benevolent" is included in the clause about fees; and also in a further proviso relating to funds and endowments. Similar language is to be found in the amendment of 1919 (*Pamph. L.*, at *p.* 90); of 1920 (*Pamph. L.*, *pp.* 533, 534, 535); of 1921 (*Pamph. L.*, at *pp.* 893, 894; 1922 (at page 679); 1925 (at page 538); 1927 (at page 791); 1929 (at page 74); and in that of 1931, which is applicable to the present case.

The erasure of the word "benevolent" from the main clause in 1918 and thereafter is signficant of an intent of the legislature to limit the exemption to charitable purposes as distinct from merely benevolent ones. It is settled in this state that "benevolence" is a word of broad significance, including charity but not *vice versa*. See 7 *C. J.* 1140. In the leading case of *Thomson* v. *Norris*, 20 *N. J. Eq.* 489, a bequest to "benevolent, religious, or charitable institutions" was held void because of the word "benevolent." This was followed by the late Chancellor Walker in *Van Syckel* v. *Johnson*, 80 *Id.* 117. We think it clear that the legislative intent was to limit the exemption to charities, in the legal sense.

Nor does the inclusion of the word "benevolent" in the provisos impair the force of its exclusion in the purview. It is a working rule of statutory construction that if a proviso in a statute be directly contrary to the purview of that statute, the proviso is valid and not the purview. *Gerstung* v. *Sauer*, 82 *N. J. L.* 68, and cases cited. In the statute here applicable, there is no direct provision for exemption in case of benevolent purposes, but merely an allusion to such exemption as existent, which has no legislative effect.

It is argued further that "the association is organized for and is conducted for religious purposes, and its building and land are used for religious purposes." The answer is that conceding such use, it is plainly not exclusive, as required by the act. The same answer is applicable to the further claim that "the association is organized for and is conducted for the moral and mental improvement of men, women and children, and its building and land are used for the moral and mental improvement of men, women and children."

The evidence shows clearly that there is a social use made of the building in part; and that fact brings the case within the reasoning of *Washington Camp* v. *Board, supra.*

The state board rightly held that the prosecutor, a holding company for the lodge, was not itself, nor was the lodge, organized exclusively for any of the purposes mentioned in the purview of the act of 1931, and consequently was not entitled to exemption.

The writ will be dismissed, with costs.