STATE BOARD OF TAX APPEALS.

CITY OF JERSEY CITY, PETITIONER, v. POLISH ARMY WAR VETERANS, POST 51, INC., RESPONDENT.

Decided January 9, 1940.

For the petitioner, *James A. Hamill* (by *Frank P. McCarthy*).

For the respondent, *Michael A. Szadkowski.*

QUINN, President. Respondent was adjudged by the Hudson County Board of Taxation entitled to exemption from taxation for the year 1938 on account of land and building owned by it, situate in the city of Jersey City. It devotes the

property in question to use in providing food, clothing, lodging and medical attention, without charge, on behalf of Polish army war veterans in need thereof. Upon this appeal by the city from the county board determination, respondent bases its argument for exemption upon the provisions of *Pamph. L.* 1931, *ch.* 372, § 1 (*R. S.* 54:4-3.6).

The specific provision relied upon grants exemption to "buildings actually and exclusively used in the work of associations and corporations *organized exclusively* for the moral and mental improvement of men, women and children, or for religious, charitable or hospital purposes * * *." The language underlined by us has been repeatedly held to circumscribe the statutory exemption afforded by this section within the limited category of organizations whose certificates of incorporation express no purpose other than those set out in the act. *Trustees of Odd Fellows Association* v. *Hackensack (Supreme Court,* 1937), 118 *N. J. L.* 1; 190 *Atl. Rep.* 780; *affirmed (Court of Errors and Appeals,* 1937), 118 *N. J. L.* 562; 194 *Atl. Rep.* 184. Inclusion of patriotic purposes in the certificate is fatal to the claim of exemption. *Washington Camp* v. *Board of Equalization of Taxes (Supreme Court,* 1915), 87 *N. J. L.* 53; 93 *Atl. Rep.* 856; *Perez Service Club* v. *City of Passaic (State Board),* filed January 10th, 1939; *Knights of Columbus Building Association of Newark, New Jersey* v. *City of Newark (State Board),* filed August 14th, 1939.

Respondent's certificate of incorporation rules out its status for exemption, within the cases cited. Among the corporate purposes recited therein are:

"(f) To maintain harmonious and fraternal relations with the veterans of the United States armies.

"(g) To promote the principles of peace and patriotism."

The general worthiness of respondent's objects and activities cannot serve as a substitute for satisfaction of the strict requirements of the exemption statute. The judgment of the Hudson County Board is reversed and the assessment affirmed as made.